IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ANTHONY CLINCY,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>TRANSUNION CORPORATION, BILL SAWYER, in his individual capacity, PATRICK NORTON, in his individual capacity, and MARK TEUSS, in his individual capacity,<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:14-cv-00398<br><br>United States District Court Judge Robert Shelby<br><br>Magistrate Judge Dustin Pead |

I.　　INTRODUCTION

On May 27, 2015, District Court Judge Robert J. Shelby referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (doc. 33). On October 16, 2014, Judge Shelby issued a Short Form Discovery Order ("Short Form Order") pursuant to which he required the parties to follow the Short Form Order procedure in all discovery related disputes (doc. 12).

Currently pending, is Plaintiff Anthony Clincy's ("Plaintiff") motion to compel Defendants Transunion Corporation, Bill Sawyer, Patrick Norton and Mark Teuss (collectively "Defendants") to respond to Plaintiff's discovery requests (doc. 15).

II.　　PLAINTIFF'S MOTION TO COMPEL

On May 22, 2015, Plaintiff filed a motion to compel seeking this court's resolution of seventeen discovery related disputes (doc. 15). In the motion, Plaintiff's counsel, April Hollingsworth ("Ms. Hollingsworth"), certifies "that she has made a good faith effort to confer with Defendants to obtain the discovery at issue without court action." *Id.* In support of her good

faith efforts, Ms. Hollingsworth attaches an April 28, 2015, email ("April email") sent to Defendants and outlining those discovery responses that Plaintiff considers deficient (doc. 15-1).

On May 29, 2015, Defendants filed an opposition to Plaintiff's motion, arguing that Plaintiff failed to meet and confer prior to filing the motion to compel (doc. 18).  Defendants explain that after receipt of Plaintiff's April email they provided two supplemental document productions — one on May 19, 2015, and another on May 22, 2015— which included five sets of supplemented discovery requests and over sixty pages of additional documentation (doc. 18, p. 3). After providing the supplemental discovery, Plaintiff did not inform Defendants of any remaining unresolved discovery disputes.  Instead Ms. Hollingsworth emailed Defendants the following:

> I have just returned to the office after my second deposition today, so haven't had time to look at these, and have barely had time to look at what you sent a couple of days ago.  Because it is the last day of discovery, I am going to file a motion to compel on our unresolved issues (under the court's short form discovery procedure), but of course, am happy to talk next week about ways we can resolve the remaining issues.

(doc. 18-1).

On May 22, 2015, fact discovery closed and Plaintiff filed his pending motion to compel (doc. 15).[1]

### III.    ANALYSIS

In an effort to obtain resolution of discovery disputes without court intervention, Rule 37(a)(1) of the Federal Rules of Civil Procedure requires a movant to certify that it has conferred with the opposing party prior to filing a motion to compel.  *See* Fed. R. Civ. P. 37(a)(1) ("[A]

---

[1]The parties previously stipulated to an extension of the fact discovery deadline from May 1, 2015, as incorporated under the original Scheduling Order (doc. 11), to May 22, 2015 (doc. 13).  Judge Shelby granted the parties' stipulated motion on May 15, 2015 (doc. 14).

party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery. . . ."). The meet and confer process is essential to the effectiveness of the short form discovery procedure and is incorporated into the court's Short Form Order (doc. 12). The Short Form Order specifically requires the parties to meet and confer, either personally or by telephone, and certify that reasonable efforts to reach an agreement have been made. *Id.*

The underlying purpose of the meet and confer process is to "significantly narrow the issues prior to the filing of any motion." *Johnsen & Allphin Props., LLC v. First Am. Title Inc. Co.,* 2015 U.S. Dist. LEXIS 43593, at *5-6 (D. Utah Mar. 31, 2015). The necessity of the meet and confer process is amplified under the Short Form Order since implicit in the court's attempt to address discovery disputes as expeditiously as possible is an understanding that the parties themselves have worked diligently to narrow the issues. Here, Plaintiff's actions are at odds with the meet and confer process and in direct contravention of the court's Short Form Order. In an attempt to deflect from his own failure to timely review supplemental discovery, Plaintiff incorrectly places his discovery burden onto the court and prematurely asks for a ruling on disputes which may be properly resolved through Plaintiff's own review of the documentation currently in his possession.

Although it appears that the parties continued communicating after the motion to compel was filed, the court declines to decipher the current status of the their discovery disputes based upon attached email exhibits (doc. 18-2). Instead, the court denies Plaintiff's motion to compel with the admonition that it will not consider any future discovery motions absent a certification

that sets forth the exact time and date of the parties' meet and confer.  All meet and confers must be conducted either telephonically or in person and attaching an email sent to opposing counsel will not comport with certification requirements.  Additionally, a copy of the offending discovery requests and responses should be filed as an exhibit and for purposes of clarity highlighting portions of a longer document or email will not be accepted (doc. 12).

Finally, Plaintiff is advised that in the future a more appropriate course of action, and one that is respectful of the court's time and judicial resources, would be to file a motion for extension of the fact discovery deadline.[2]  Intervention by the court should only be considered as a matter of last resort after the parties have engaged in a meaningful, good faith meet and confer process.

## IV.     ORDER

For the reasons set forth herein, Plaintiff's motion to compel is DENIED (doc. 15)

DATED this 2nd day of June, 2015.

_____
Dustin Pead
U.S. Federal Magistrate Judge

---

[2] The court further encourages all parties to attempt to reach a stipulation on scheduling order matters prior to filing a formal motion for extension of deadlines.